DANIEL M. WESTFALL ET AL. v. JAMES H. DUNNING ET AL.

1. In a proceeding for a discovery under the statute in aid of executions, it is not a necessary prerequisite that an execution *de bonis et terris* shall have been issued; a *fi. fa.* against personalty alone will suffice.
2. The petition in such case, in order to give the Supreme Court Justice jurisdiction, must be verified by the oath of the plaintiff in execution; an affidavit by his agent will not fulfill the requirement of the act.

---

On case certified from the Sussex Circuit.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff, *Francis J. Swayze.*

*Contra, Thomas Kays.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This was a proceeding, under the statute, for discovery in aid of an execution.

The defendant, in the judgment, disobeyed the order of the justice of this court, by whom the proceedings were entertained, and an attachment being applied for, the question arose whether such steps had been taken as were necessary to place the matter under the jurisdiction of such judicial officer.

This is the question to be decided.

One of the objections relied on, and much pressed by the counsel of the defendant in the judgment, was that the petition presented by the judgment creditor to the justice, was defective in this respect, that is, that it did not show that a legal execution had been issued against the lands of the debtor, but that it exhibited an execution invalid in that respect, and good only against goods and chattels.

This exception is not solid.   The statute does not require an execution *de bonis et terris*.   All that is called for is an execution against the property of the debtor, and any legal execution fulfills this requirement.   The argument, in this respect, went upon the theory that this suppletory procedure was only permissible when it appeared that the debtor had no property that could be levied on under an execution.   But the answer to this view is that the act does not indicate such a design, and the statute, even for the sake of a supposed improvement, cannot be interpolated by the court.   In reality, such an addition to the provision would not seem to be beneficial, for, on the hypothesis in question, when the judgment was in the Supreme Court, it would require an execution *de bonis et terris*, to be run into every county of the state.

This exception cannot prevail.

Another objection to the procedure, was that the creditor's petition was not verified by his own affidavit, but by the oath of an agent.

This is a fatal error.   The statute is clear upon the subject. It provides that the judgment creditor, before he shall be granted an order for discovery, shall present to the judge a

petition, verified by oath, in which he shall state the amount due on said execution, the return made thereon by the officer to whom it was issued, and *his belief* that said judgment debtor hath property, &c. These particulars thus to be certified are most of them matters peculiarly within the knowledge of the creditor himself, and it would seem that the debtor can be called upon to make discovery, only when the creditor believes that he has property placed by him in secret trust, and it is the creditor alone who can attest to the existence of such belief. That it was the legislative design to require the petition to be supported by the oath of the creditor himself, is further indicated by the fact that in the same section, the provision for an injunction declares in express terms that the facts and circumstances forming its basis may be proved "by the oath of the party, or any other person."

Besides this imperfection, in this case there is another difficulty, with respect to the verification of this petition. The affidavit attesting the truth of the facts contained in it, is made by the agent of the creditor, but it is not shown that he has any knowledge of the matters stated. The petition states that a certain sum remains due on the execution, and that the creditor believes that the debtor has property in trust, and the agent's oath is that "the matters and things in the foregoing petition set forth, as they relate to their own acts, are true, and so far as they relate to the acts of others, he believes them to be true." It is obvious that such a statement could be safely made by any one who was possessed of the loosest information, and it does not verify, or attempt to verify, the belief of the creditor that his debtor has trust property, for such belief is not an act, and it is only the acts of others that the affiant avers that he believes to be true. Such a verification does not, in any substantial degree, meet the requirements of the act.

The defect is radical, and cannot be helped by intendment. The justice of this court, in dealing with this procedure, was not invested with the authority of this court, or of that of the Circuit Court; he exercised a special, statutory power, and

the proceeding was of a summary character, and, therefore, by force of a rule that has long been established in this state, his cognizance over the subject must appear on the face of the papers. The foundation of his jurisdiction is the petition of the creditor duly verified; and in this instance there was no such petition; all authority in the premises was wanting, and the consequence is that the judgment debtor was not bound to obey the order for his appearance.

The motion for an attachment should be refused.