## JOHN STANTON *v.* JAMES C. PARKER.

The right of inquiring into the sufficiency of the surety on an appeal bond, and of deciding whether the appeal shall be suspensive or devolutive, or exclusively within the province of the court from which the appeal is taken. The sufficiency of the security may be tried, on motion ; and, if an error be committed by the court in refusing to make the appeal suspensive and authorizing the issuing of execution, the remedy is by a writ of prohibition.

When the surety becomes insolvent after the appeal is brought up, it is the same as if no security had been given ; and such insolvency must be inquired into before the court which granted the appeal. Though divested of all jurisdiction as to the case itself, it is empowered to decide whether execution may be taken out, notwithstanding the appeal.

IN this case, *Hoffman*, for the appellee, moved the court for an order on the appellant, and his sureties in the appeal bond, to show cause why other security should not be furnished, or, in default thereof, why execution should not be issued from the court below.

*Preston*, for the appellant. The rule must be discharged. The court is without jurisdiction.

SIMON, J. This is an application by the plaintiff and appellee, for a rule on the defendant to show cause why other and solvent sureties on the appeal bond should not be furnished by him, or, in default thereof, why the plaintiff should not be permitted to issue execution in the court *a qua*.

The appellant denies our jurisdiction to try this rule, and we think he is right in the position.

When this case was brought up, the appeal was either suspensive or devolutive. If the appellant had furnished good and solvent security within the time prescribed by law, the appeal was suspensive ; but the right of inquiring into the sufficiency of such security, was a matter properly and exclusively within the province of the lower court. Code of Prac. arts. 573, 574, 575 and 578. In the case of *The State* v. *Judge Buchanan*, 13 La. 576, this court said : " the judge receives the surety as such, on the representation of the appellant, without prejudice to the rights of the appellee, who can insist on having the security which the law requires, or, in default thereof, execution on his judgment." What court, then, has the power to say that the appeal is merely devo-

Stanton v. Parker.

lutive, and that an execution should issue ? Surely, the court *a qua ;* and, as we said in the case reported in 19 La. 178, in which we recognized the power of the inferior tribunal to try, on motion, the sufficiency of the security furnished on an appeal bond, " if an error be committed by the court below, by refusing to give to the appeal the effect of a suspensive one, and by authorizing an execution to issue after becoming divested of jurisdiction, the proper remedy to correct such error, ought to be by a writ of prohition, under the provisions of our laws."

In this case, however, the application is grounded on the alleged circumstance, that the surety has become insolvent since the appeal was brought up. If so, it is the same as if no security had ever been given; and, perhaps, the appeal ceasing to be suspensive, the appellee ought to be entitled to have his execution. But, again, this is a matter which has properly to be tried before the lower court, which, though divested of jurisdiction, as to the case itself and its merits, has nevertheless the power of pronouncing on the question, whether the appeal is or shall be suspensive or devolutive, and of saying whether the appellee shall be entitled to take out execution, or not, notwithstanding the appeal. The law and the constitution have not given us that power ; and as it would have the effect of bringing originally before us, a matter untried in the inferior court, for the investigation of which evidence would necessarily have to be produced by both parties respectively, we cannot take upon ourselves to assume it.

*Rule discharged.*