No. 3315.—STATE ex rel. J. M. KANE v. THE JUDGE OF THE SEVENTH DISTRICT COURT, Parish of Orleans.

The judgment of the court below setting aside a suspensive appeal on the ground that the surety on the bond is not good and solvent, will be reviewed by the Supreme Court on an application for a writ of prohibition, and if the surety is found to be good, the writ of prohibition will issue. A surety on the appeal bond need not show that he possesses real estate to an amount sufficient to cover the bond, nor need he show that he will be worth the amount of the bond at the time it becomes exigible. It is sufficient for him to show that he is worth in personal property, over and above his liabilities, an amount above that of the bond at the time of signing it.

APPLICATION for a Writ of Prohibition. *Bentinck Egan*, for relator. *T. Wharton Collens*, Judge, respondent.

HOWELL, J. The relator asks for a writ of prohibition to restrain the judge of the Seventh District Court for the parish of Orleans from proceeding any further in the case of James M. Kane v. John Robinson, from a judgment in which he had obtained a suspensive appeal.

The judge answers that he set aside the appeal as suspensive because the security on the bond was not good and solvent for even two hundred dollars, the amount thereof.

The testimony of said security is brought up and it shows that he is worth the amount of the bond over and above all his liabilities; that his property, all movable, is estimated by him at about six hundred dollars and is within this parish, where he resides, and that he does not owe more than twenty-five or thirty dollars, to pay which he has the money.

This seems to answer the requirements or the law. A surety is not required to own immovable property, but to have property sufficient, at the time of signing the bond, to answer for the amount of the obligation assumed by him. There is nothing in the record which leads us to suppose or conclude that his property, as described by him, is insufficient in value and amount to meet the obligation signed by him. The theory that the property may deteriorate or be disposed of

before the termination of the litigation would render most sureties doubtful, at least, if made the test of sufficiency. The law rather presumes that every man will endeavor to increase than lessen his possessions.

It is therefore ordered that the writ of prohibition herein be made perpetual.