State ex rel. Fairex vs. Judge of Civil District Court.

No. 8292.

| 33 | 927 |
|-----|------|
| 122 | 53 |

'THE STATE EX REL. MRS. FAIREX VS. JUDGE OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

.Appellant having made no objection to try in the Court below a Rule to rescind the order of appeal, as improvidently granted because the judgment appealed from was rendered by consent, the District Judge did not exceed the bounds of his jurisdiction in making the Rule absolute and rescinding the order of appeal. This Court will not, therefore, control his action by Prohibition. The proper remedy, in such a case, is by appeal from the rescinding order.

APPLICATION for the writ of Prohibition.

W. T. Houston, Judge, Respondent.

Chs. Louque for the Relatrix.

E. T. Florance for the Respondent:

First—The inferior court has power, ex proprio motu, and a fortiori, upon motion of parties, to rescind an order of appeal improvidently issued, either "because the delay within which it should have been asked has elapsed, or because the case was unappealable." 32 An. 816.

Second—The inferior court is the one to try the issue of the appealableness of a case. 32 An. 141; Ibid, p. 816.

Third—A party cannot appeal if the judgment complained of was a consent judgment. C. P. Art. 567, No. 1; 32 An. 141.

Fourth—It is only where the consent does not appear of record, that the cause will be remanded to the inferior court, to ascertain whether the judgment was one by consent. 32 An. 141.

Fifth—An inferior court, after improvidently granting a suspensive appeal, where none should have been granted, may rescind the order and issue execution on the judgment appealed from. 32 An. 816; 21 An. 44, 55, 114; 12 An. 175; 5 An. 366; Ibid 518; 4 An. 3.

Sixth—A judicial admission is complete in itself and is more solemn than a written instrument.

Seventh—The objection that the District Judge cannot take cognizance of an agreement entered into between parties litigant, until the same is reduced to writing in conformity with the rules of the District Court, is considered waived if not made either at the time of the rendition of the judgment or on the trial of the rule to rescind an order of appeal.

Eighth—The prohibitive authority of the Supreme Court of Louisiana, will not be interposed to aid a person, who has an adequate remedy by appeal. 32 An. 1182; 26 An. 750; 21 An. 124; 11 An. 696; 8 An. 92; 19th La. Rep. 478; 2d La. Rep. 88; 3 M. 42.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an application for a prohibition.

The relatrix charges that, after granting her a suspensive appeal from a judgment of one thousand dollars on a claim for a larger amount against her, under which she furnished bond and security, as the law requires, the Judge of the District Court entertained a rule to rescind the order of appeal and, although the surety was proved good and solvent, made the rule absolute; and that he exceeds his jurisdiction.

In his return, the judge says, that he rescinded the order, not

'because the surety was not good and solvent, but because, on the trial of the rule it was shown that the judgment rendered and appealed from was one from which no appeal could be taken, for the reason, that it was rendered by *consent* of parties in open court, and that the order of appeal was improvidently granted.

In justification of his conduct and in evidence of his statements, the judge appends to his answer the original judgment, the rule to rescind, the evidence under it, and his judgment upon it.

We have no authority, in the present proceeding, to inquire into the correctness of the judgment rendered on the rule to rescind the order of appeal. The only question which can be considered by us, is whether, by rescinding the order of appeal, the judge has exceeded the bounds of his jurisdiction.

The judgment appealed from, does not, on its face, show, that it was rendered by "*consent*" of parties. On the contrary, it reads: "In this case, the court, considering the law and evidence to be with plaintiff, It is ordered," etc.

The rule to rescind alleges that it was rendered by *consent*.

When the rule was called for trial, the defendant, or appellant, did not except to the form of the proceeding or to the jurisdiction of the court, and evidence was offered by both parties to the rule, *without any objection*, although, in the course of the trial, objections were made to the admissibility of certain evidence, or touching other matters and, upon adverse rulings, it is stated that "bills are reserved."

The fact sought to be established on one hand and disproved on the other, was one *anterior* to the rendition of the judgment, which did not appear of record in the proceedings in which the judgment complained of, and appealed from, was rendered.

Clearly, after granting the suspensive appeal and receiving the bond, the judge was not divested of further jurisdiction to test the sufficiency of the bond and the qualifications of the surety. He would have had no right to go behind the face of the judgment, however it may have been at variance with the alleged consent and understanding of the parties, on a rule to rescind the order of appeal. He could surely have done so in a suit in nullity of the judgment or of the order, the object of which would have been, under a new state of facts, to provoke a relief which this Court could not have afforded, on the appeal taken from the judgment on the merits of the case.

The issue involved in the case on appeal and in the rule to rescind, are entirely different. *Lis pendens* could not be pleaded. A judgment in the former would not constitute *res judicata* in the latter. Both remedies, under such circumstances, can well co-exist. 24 An. 168; 12 An. 726; 30 An. 879.

The moment, however, that the parties *consented* to try the question of fact raised by the motion to rescind, they not only waived all objection to the form of the proceeding, but clearly acknowledged jurisdiction in the court. The judge was, therefore, perfectly authorized to decide the question of fact as fully as if it had been presented in a regular proceeding by petition and answer joining issue.

The power of an inquiry into and of a determination of the question of fact raised on the rule, like that of acquiescence, appertains peculiarly to the lower court, clothed as it is with *original* jurisdiction. Where questions of that character have been raised in this Court, the practice has been to refer the issue to the lower court. 32 An. 141, 816, 663; 23 An. 37; 29 An. 576; 2 An. 430. Such a reference implies in the court *a qua* the power of inquiry and determination, but is not essential for the exercise of such power, where the parties *consent* to the proceeding.

The better practice is to bring the fact to the knowledge of this Court, by which the issue is referred to the lower court for investigation and adjudication, subject to review of the ruling on it by this Court, before passing on the merits of the main case on appeal.

The judgment rendered by the District Judge is one from which the relatrix can take an appeal. 32 An. 475.

When the two judgments, that on the merits allowing the one thousand dollars, and that rescinding the order for a suspensive appeal, which practically would make final the judgment on the merits, as having been rendered on the consent of parties, will be before us for revision, we will have authority to determine their correctness, but we are powerless to do so until then.

Under the circumstances, we do not find that the District Judge has exceeded the bounds of his jurisdiction.

A suspensive appeal from the judgment rescinding the order of appeal, will necessarily maintain, in its integrity, the order of appeal.

The case presented by the petition is not at all that disclosed by the judge and by the proceedings accompanying his return. The petition is, besides, deficient in not stating in what manner the judge exceeds the bounds of his jurisdiction. It does not aver that he has allowed the plaintiff to have the judgment appealed from executed.

The authorities referred to by both parties have no application to this case, which is entirely, *sui generis*, without precedent.

It is ordered that the application for a prohibition be refused at the cost of relatrix.

Rehearing refused.