Demarest vs. Beirne.

---

## No. 9096.

### J. W. DEMAREST VS. W. J. BEIRNE.

An appeal lies from the ruling of a district judge increasing the amount previously fixed for the bond to be furnished for a devolutive appeal, although the matter be within the discretion of such judge.

The main demand being appealable all orders and decrees made in the suit. whether before or after judgment, are revisable by the appellate court.

Such ruling is not a final judgment requiring signature. It is a mere interlocutory order which might work irreparable injury.

Filing of a bond in accordance with an order of appeal does not divest the jurisdiction of the inferior court over questions affecting the sufficiency of the bond; and it matters not whether the insufficiency result from an error of the judge or from default of a party.

Where the inferior court has inadvertently fixed the bond for a devolutive appeal at a sum less than the actual costs, it may, on discovery of the error, amend the order and require sufficient security.

Demarest vs. Beirne.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Singleton, Browne & Choate* for Plaintiff and Appellee.

*W. S. Benedict* and *A. J. Murphy* for Defendant and Appellant.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The appellee asks a dismissal of this appeal for the reasons:

That the matter involved is unappealable, as the decision of such a case is within the exclusive discretion of the district judge and the sum is less than $1000.

That the judgment complained of, if a definitive judgment, is not signed and, therefore, inchoate and if an interlocutory order, works no irreparable injury.

The judgment in question was rendered after the decision of the cause on its merits. It increases the amount previously fixed by the court, as that of the bond to be furnished, on an order allowing a *devolutive* appeal.

The appeal had been granted on the fixing of a bond for $200; but subsequently, on a rule by plaintiff, the court amended the order by increasing the amount of the bond to $900, directing the appellant to furnish it within a given delay, and providing, in default, that the appeal shall be dismissed.

The defendant in the case and in the rule, then obtained a suspensive appeal from this decree, on his giving a bond, which was furnished.

It is this appeal which the plaintiff now seeks to have dismissed, for the reasons stated.

It cannot be denied that the fixing of the amount of a bond to be furnished for a devolutive appeal is a matter within the discretion of the judge *a quo;* but that discretion, like all others with which judicial officers are vested, must necessarily be a legal and not an arbitrary discretion. In case of abuse of that power, the action of the lower judge in an appealable case, is revisable by the appellate court, when presented in a proper form, just as it is reviewable in cases in which the sufficiency of bonds and of sureties is primarily passed upon. Where it is found that the power has been improperly exercised, the Supreme Court can correct the error and afford adequate relief.

Demarest vs. Beirne.

In the recent case of the State *ex rel.* Müller, ante p. 189, we had occasion to consider a kindred question and to review the action of a district judge, fixing, as the amount of a bond of a devolutive appeal, a sum which, at first blush, appeared to be excessive; but, as there were no *data* in the record, to enable us to state what the amount should have been fixed at, we expounded the rule of law for the guidance of lower courts in such matters and left the district court free to reconsider his decree and to take proper action.

We, therefore, have the power to review such decrees by courts *a qua* and the exercise of that power can consequently be lawfully invoked at our hands.

It is not correct to say that the matter is not appealable, because the amount "involved" is less than $1000.

There is no dispute that the main suit is appealable. Being such, all orders therein made, are necessarily appealable, as accessaries follow the principal, particularly such decrees as might defeat the very right of appeal.

The order is not to be viewed as a final judgment. It is not, therefore, to be signed, as definitive judgments, which pass upon the merits of a controversy, are required to be.

It is simply an interlocutory decree which remains under the control of the district judge and which, should it remain unaltered and not complied with, might cause the appellant an irreparable injury, which would consist in the dismissal of his appeal.

The motion to dismiss is without merit and is denied, with costs.

---

### On the Merits.

Defendant obtained an order for a devolutive appeal from a judgment on the merits of this cause on a bond for costs fixed by the order at two hundred dollars.

Plaintiff, alleging that the costs far exceeded the amount, filed a rule to amend the order of appeal by increasing the amount of the bond, and, in default of the additional security being furnished by defendant, to dismiss his appeal.

The judge *a quo*, after hearing the parties and after appointing an expert whose report exhibited costs to the amount of nearly nine hundred dollars, rendered judgment amending the order of appeal so as to fix the bond at nine hundred dollars, and requiring the defendant to comply therewith within five days, under penalty of dismissal of his appeal in case of default.

From this judgment the present appeal is taken.

To the general rule that, after compliance with the order of appeal by filing bond, the jurisdiction of this Court attaches and that of the lower court is divested, there exists the well recognized exception that the jurisdiction of the latter continues for the purpose of inquiring into and determining the sufficiency of the bond. State *ex rel.* Fairex vs. Judge, 33 Ann. 928; Dumas vs. Mary, 29 Ann. 808.

It is perfectly clear that a party is not entitled to a devolutive appeal under the law, without furnishing a bond for costs.

If the judge of the inferior court has improvidently fixed the amount of the bond at a sum less than the costs and may not amend the same after discovery of his error, we are at a loss to conceive how such error could be remedied. Certainly no proceeding in this Court could acccmplish the result, since, without inquiring into facts *dehors* the record, we could not obtain the information on which to base our action.

Thus the anomaly would be presented of a party enjoying a right without performing the conditions upon which alone the law grants it to him.

In matters of this kind, where the duties of the judge are defined by law, he is bound to obey the law, and if he discovers that he has inadvertently departed from its injunctions, he is not precluded from correcting his error.

It matters not whether the bond is insufficient through mistake of the judge or default of the party, the law must be complied with, and it lies within the province of inferior courts to see that parties who appeal to this Court shall comply with the legal conditions precedent to the exercise of such right.

As to that portion of the order appealed from which purports to *dismiss the appeal* already in this Court in case of non-compliance within the stipulated delay, we shall treat that as mere surplusage, being a matter necessarily for the action of this Court, when failure to comply with such order shall be properly brought to our notice.

Judgment affirmed.

Rehearing refused.