(35 South. 474.)

No. 14,694.

GRUBBS v. PIERSON et al.*

(Feb. 2, 1903.)

APPEAL—DISMISSAL—POSSESSORY ACTION—
DISCLAIMER OF TITLE.

1. Unless it be very evident that the appeal should be dismissed on the ground averred, action on the motion to dismiss will be deferred until the case is examined on the merits; and then, if good grounds are shown to dismiss the appeal, it will be dismissed.

"Grounds for dismissal may be considered on the merits." Brown v. Land Company, 23 South. 292, 49 La. Ann. 1779; Succession of Fortier, 26 South. 554, 51 La. Ann. 1562.

On the Merits.

2. Where a suit is brought against a succession for the recovery of real estate and for the cancellation of a note executed by plaintiff, and the succession, after asserting title to the real estate, amends its answer, and, disclaiming title, alleges that said real estate had been sold at tax sale to a third person, who had sold to another, who in turn had been put in possession by an order of the court in which said suit is filed, rendered in a proceeding which is made part of said answer and offered in evidence, the disclaimer referred to is an insufficient basis for a judgment in favor of the plaintiff, decreeing him to be the owner of the property, and authorizing the cancellation of the note in question.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Gus J. Grubbs against Alfred Pierson and the succession of Fahey. Judgment for plaintiff, and defendant succession of Fahey appeals. Reversed.

Dinkelspiel & Hart, for appellant. Albert Voorhies and Hamilton Numa Gautier, for appellee.

On Motion to Dismiss the Appeal.

BREAUX, J. Plaintiff obtained a writ of injunction to restrain Widow Fahey, administratrix, from proceeding with the sale of certain immovable property, of which he claims to be the owner, and asked that she and Alfred Pierson be cited contradictorily, with whom he wishes to be recognized as owner of the property, on the ground that defendants had no right as owners, that

---

*Rehearing denied December 14, 1903.

Pierson was only an interposed party, and that he (plaintiff) was the owner.

Pierson, in his answer, admitted that he was only the nominal purchaser from Fahey, the late husband of the administratrix.

Mrs. Fahey, the administratrix, answered, controverting plaintiff's demand at first. Afterward, in a subsequent or a second answer, she averred that the property had been sold prior to plaintiff's suit, without her knowledge, for taxes, and that she was no longer the owner. Whereupon the judge of the district court perpetuated the writ of injunction which had been issued, and decreed plaintiff to be the owner of the property in dispute, and further authorized plaintiff to obtain the cancellation of the mortgage inscription thereon.

The administratrix applied for a new trial, averring substantially that the judgment was broader than defendants' admissions warranted. Motion for a new trial was overruled. From the judgment the administratrix appeals.

In this court plaintiff moves to dismiss the appeal on the ground that the defendant and appellant, Mrs. Fahey, has by her disclaimer confessed judgment, as appears by her pleadings.

We have examined the record, and left it not convinced that we should at this time dismiss the appeal. Unless it clearly appears that the appeal should be dismissed, the motion for its dismissal should not prevail, under repeated decisions. It must be referred to the merits on the appeal.

We think this motion should not be acted on at this time. If there is good ground for its dismissal, the appeal will in time be dismissed. It will be time enough to consider that matter after the case will have been examined in all of its details.

At this time we must decline to sustain the motion to dismiss.

The motion will be considered with the merits of the appeal.

On the Merits.

(Nov. 16, 1903.)

MONROE, J. Plaintiff alleges that he is the owner of certain real estate, which is claimed by the succession of William Fahey

under a pretended act of sale from him (plaintiff) to Alfred Pierson, and a counter letter from Pierson to William B. Fahey, stating that the latter was the real purchaser; that Fahey was a notary public, and was his agent, and that he signed many papers at his instance without knowing their import; that he is illiterate, and is unable to say whether·or not he signed the alleged act of sale in question, but, if he did, he was induced to do so by fraud, and got nothing for it. He alleges that the administratrix of Fahey's succession has advertised said property for sale, as also a certain mortgage note for $2,000 fraudulently obtained from petitioner; and he prays that she be enjoined from further proceeding, that . she and Pierson be cited, and for judgment declaring him to be the owner of said real estate, putting him in possession thereof, and ordering the return to him of said note.

The answer of the administratrix alleges that the real estate in question belongs to the succession of Wm. B. Fahey, and otherwise denies the allegations of the petition. The defendant Pierson, on the other hand, practically admits the truth of those allegations.

The preliminary injunction, which issued in accordance with the prayer of the petition, was subsequently modified, at the instance of the plaintiff, so as to allow the real estate to be sold; the proceeds to be held by the attorneys for the administratrix, subject to the judgment of the court upon the issues here raised. Something over a year after the filing of her original answer, the administratrix filed a supplemental answer, in which she alleges that on August 5, 1899, the real estate claimed by plaintiff was sold for taxes to Charles B. Fee, who in April, 1902, sold the same to W. H. Frank; that Frank had been put in possession under an order rendered in the proceedings No. 67,895 of the docket of the civil district court, to which she refers, and makes part of her answer, and that plaintiff had taken an appeal from said order, but had subsequently abandoned the same.

The record shows that the case was sub-

mitted on the disclaimer of title filed by the administratrix, and the transcript in the proceeding entitled, "In re William H. Frank, Praying for Possession," No. 67,895 of the docket of the civil district court, which appears from the record to have been "offered in evidence by Succ'n of Fahey"; and on November 20, 1902, there was judgment for plaintiff as prayed for, maintaining the injunction, decreeing him to be the owner of the property claimed, and authorizing him to obtain the cancellation of the mortgage securing the note of $2,000 mentioned in the petition. From this judgment the succession of Fahey has appealed.

### Opinion.

The certificate of the clerk is in the usual form, and shows that the transcript includes copies of all the proceedings had and documents filed in the case. Outside of the pleadings and judgment, however, it does not include a syllable concerning the note for $2,000, and the only evidence contained therein as to the ownership or possession of the real estate claimed by the plaintiff is that which is to be found . in the proceedings whereby Frank was put in possession as the vendee of Fee, and which consists of the tax title of Fee, and the sale from Fee to Frank. From the return of the sheriff, it appears that Frank was put in possession June 4, 1902. It also appears from this record that on July 29, 1902, the plaintiff herein and the defendant Pierson joined in an application for an appeal from the order putting in possession, and that a devolutive appeal was granted on the 18th of August following.

The mere disclaimer of title is, under these circumstances, an insufficient basis for the judgment of the district court to rest upon.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the defendant the succession of Wm. B. Fahey, rejecting the demand of the plaintiff as to said succession as in case of nonsuit; the plaintiff to pay costs in both courts.