(47 South. 371.)

No. 17,250.

REYNOLDS v. EGAN.

In re REYNOLDS.

(Aug. 27, 1908.   On Rehearing, Oct. 6, 1908.)

1. APPEAL AND ERROR—SUSPENSIVE APPEAL —TIME OF TAKING.

No suspensive appeal will lie from an interlocutory order, given to have a final judgment carried into effect, after the lapse of the time for taking such an appeal.

2. SAME—REMEDY.

If by the order given by the judge, directing the judgment to be executed, he commits a prejudicial error, modes of relief other than by suspensive appeal are provided.

On Application for Rehearing.

3. SAME.

Where a suspensive appeal is allowed from a judgment for money, and is thereafter dismissed because of the failure of the appellant to furnish the bond required within the time prescribed by law, no appeal thereafter allowed from the judgment of dismissal can operate to suspend the execution of the judgment originally appealed from.

(Syllabus by the Court.)

Action by Margaret Reynolds against M. L. Egan. Application by plaintiff for writs of mandate and certiorari to compel the vacation of an order for suspensive appeal for the party defendant. Writ granted.

Benjamin Rice Forman, for relatrix. Charles Louque and Carleton Hunt, for respondent.

BREAUX, C. J. This is a proceeding for an order to be addressed to the judge of the district court to compel him to vacate his order for a suspensive appeal, and directing him to issue a writ of fieri facias on behalf of the relatrix, the plaintiff above named, and against the defendant, Miss M. L. Egan.

The ground of the application is that the defendant did not, within the 10 days after the judgment had been signed, file a bond for a suspensive appeal in the sum required; that for that reason and on that ground it is her (plaintiff's and relatrix's) legal right to have the judgment executed, and to that end to cause a writ of fieri facias to be issued.

We are informed by the admitted facts that on the 1st day of July, 1908, defendant and appellant filed a bond of appeal for the sum of $5,200, a sum of $59.58 less than the sum required.

The deficiency or the amount less than the sum required is made manifest by the following, copied from the proceedings:

Judgment ........................$3,250 00
Interest for 1 year, 6 months, 28 days   256 39
                                    ─────────
                            2)  $3,506 39
                                ──────────
                                $1,753 19

—which, added to $3,506.39, amounts to $5,-259.58.

We are further informed by the proceedings that on the 10th day of July plaintiff (relatrix here) took a rule to show cause why the suspensive appeal should not be dismissed and order of execution should not issue on the ground before stated.

In due time, and after hearing, the court a qua acted upon this rule, dismissed the appeal, and ordered execution to issue.

Immediately after this order had been issued, the district court allowed a suspensive appeal upon the said defendant (Miss M. L. Egan) giving bond in the sum of $5,750.

Of this order of suspensive appeal relatrix complains, and from it she seeks relief.

We think that the order granting a suspensive appeal should be recalled and discharged, and execution of the judgment ordered.

The appellant, who wishes to suspend the execution of the judgment pending the appeal, has to see that a bond sufficient in amount is timely filed.

The law's requirement in that respect does not admit of an exception to be made on behalf of any appellant. It is imperative in terms.

The "appellant gives his obligation" for a sum exceeding by one-half the amount for which the judgment was rendered. Code Prac. art. 575.

Now, as to interest calculated to make up the amount for which bond should be given: Defendant's contention is that interest should not be taken into account in making up the amount of the bond.

In fixing the amount of the bond, interest due should be computed to the date of rendition of the judgment. Paland v. Railroad Co., 42 La. Ann. 290, 7 South. 899; Pelletier Case, 112 La. 564, 36 South. 592; Paland v. Railroad Co., 42 La. Ann. 293, 7 South. 899; State ex rel. Gorda v. Judge of the Ninth District Court, 29 La. Ann. 776. That is firmly fixed in our jurisprudence.

One of the contentions of the respondent is in effect that the relatrix, Mrs. Reynolds, is now concluded, and her remedy is to have the appeal dismissed, if she has such a right, by motion to dismiss before the court of the last instance, and that the question in that respect has passed out of the court of the first instance.

We are constrained to differ from that contention.

It is not the prevailing rule of practice.

Moreover, if that view of our learned brother of the district court—that is, that the remedy is by motion to dismiss before the Supreme Court—were sustained, even the possible error or oversight of the court of the first instance might defeat the very articles of the law regulating appeals, which direct, in substance, that a judgment shall be executed after the delay, if a bond for a suspensive appeal is deficient as relates to amount.

The lawmaking authority evidently did not intend to render it possible to arrest the execution of a judgment in the manner now proposed by the defendant.

We avoid all reference to any illegality of the judgment, or to any irregularity in matter of its amount, or in matter of interest allowed. If there be anything that goes to the merits of the case, it cannot be considered at this time; the issue being whether, after the expiration of the delay, the defendant who wished to appeal, who obtained a suspensive appeal from the original judgment, but failed to give bond, can take an appeal suspensively from the order vacating the suspensive appeal.

In State ex rel. Johnson v. Judge, 21 La. Ann. 113, the court held that the proper mode of bringing up the question is by writ of prohibition.

In State ex rel. Storrs v. Judge, 21 La. Ann. 735, the court in the syllabus clearly expresses the rule laid down in the decision, and for that reason it is inserted here literally:

"The Supreme Court will examine into the sufficiency of the surety on an appeal bond on application for a writ of prohibition, and if the surety is found to be good the prohibition will issue restraining the judge from executing the judgment until the appeal is decided."

After having considered the two decisions from which we quoted above, we closed the books, convinced that the remedy is not by suspensive appeal.

There are other decisions in point, notably State ex rel. Kane v. Judge, 23 La. Ann. 279, in which the court held that the remedy is by writ of prohibition, and the language used leaves the one impression beyond question that suspensive appeal from the interlocutory order is not the remedy.

Equally as conclusive in our minds is State ex rel. v. Judge, 23 La. Ann. 491.

Equally as pertinent is State ex rel. Dezutter v. Judge, 24 La. Ann. 316, also State ex rel. Lynne v. Judge, 24 La. Ann. 328.

We pass from a review of the foregoing decisions, which sustain, as we think, our decree, to those confidently cited and commented upon by respondent.

The question of suspending the appeal for an indefinite time did not come up in any of the cases cited by defendant's learned counsel.

In the first (Vredenburgh v. Behan, 32 La. Ann. 475) the cause came up on appeal, and the court deemed it proper to pass upon the solvency of the bond. The question involved was the value of the property, and the amount or value of the property owned by the security on the bond?

The court in that case held that an appeal will lie from a judgment sustaining the sufficiency of the bond; but inferentially, at least, the court held that an appeal will not lie from a judgment ordering a fi. fa. to issue and directing that the judgment be executed.

Here no great difficulty suggests itself. It involves the issue whether an alleged insufficient bond in amount can afford ground sufficient for a suspensive appeal in such a case as the one before us for decision.

Our answer is not, if the court decides that it is insufficient.

The party, however, is not without remedy; but it is not by the suspensive appeal, the right to which has been lost.

We would pause a very long time before committing ourselves to the position that a suspensive appeal lies in the case such as the one before us. We do not think, taken as a whole, that the decisions cited by learned counsel for defendant go to the extent for which the defendant contends.

Where it has been found that no bond has been given, the writ of prohibition is the remedy. Stanton v. Parker, 2 Rob. 550; State ex rel. Storrs v. Judge, 21 La. Ann. 735; State ex rel. Johnson v. Judge, 21 La. Ann. 114; State ex rel. Kane v. Judge, 23 La. Ann. 279; State ex rel. Dezutter v. Judge, 24 La. Ann. 316; State ex rel. Lynne v. Judge, 24 La. Ann. 328.

There is a difference between suspending the execution of a judgment, on the one hand, and the refusal to suspend, on the other.

If the court declines to order the execution of the judgment, prohibition may be issued.

In Grasser v. Blank, 110 La. 498, 34 South. 648, the court stated that the remaining ground—

"presented for dismissal is that the court a qua was without authority to grant an order for a suspensive appeal from a decree awarding execution, for the reason that a previously taken suspensive appeal has not yet been timely perfected."

If that was the only question involved, it does not bear directly upon the issues here. True, the court appears to have gone further.

State ex rel. Gill v. Tissot, 34 La. Ann. 90, was cited in 110 La. 498, 34 South. 648. It appears that the second appeal was entertained, and that in that respect there is a difference between our own views and that expressed in the cited decision.

None the less we must decline to affirm these two decisions in any extent that they express an opposite view.

Thorough consideration of the question has resulted in convincing us that there is error in the contention that a suspensive appeal can be taken from the order vacating the order of appeal and directing execution after the right to the suspensive appeal from the original judgment is lost. Any decision giving countenance to another view is erroneous and will not be followed.

It does not seem that definite action was taken in the Grubbs Pierson Case, 111 La. 101, 35 South. 474, cited in the case just above cited.

The court said, in the last case:

"Action on the motion to dismiss will be deferred until the case is examined on the merits."

The question before us for decision cannot in law and in justice be deferred. It must, in our view, be decided at this time. No new light can be thrown upon it on the trial of the merits.

The court will dispose of the rights of par-

ties upon questions of law raised in limine (Succession of Fortier, 51 La. Ann. 1563, 26 South. 554), if it be very evident in law and reason that they should be decided at that time.

Counsel for defendant in the brief urges that the judgment allowing interest from judicial demand is such an error as may be corrected at this time. We cannot agree with that view.

This would be amending the judgment, an amendment we do not think we should make on an application to have it executed.

If ever the judgment comes up before us on appeal, it will receive attention.

Contention is further raised on the part of defendant that required entries of the minutes have not been made. We can only say that the judgment was signed by the judge of the district court.

Until the contrary is made to appear, the presumption is that the minutes were kept and properly approved by the judge.

The objection of want of approval of the judgment by the judge because of his inattention, that his signature was inadvertently affixed by him, is not sustained.

To return for a moment to the bond:

The last bond given cannot be taken as security for the payment of the first judgment. If that were possible, any sort of a bond might be given, however worthless, and, if the objection to it were raised and sustained, a suspensive appeal might be taken months after the expiration of the time for taking a suspensive appeal.

At the risk of restating a proposition, in order to have the list of the pertinent authorities, we state that the district court had jurisdiction to determine the sufficiency of the appeal bond. Audubon Hotel Co. v. Braunig, 119 La. 1070, 44 South. 891; Stuart v. Ansley, 119 La. 549, 44 South. 294; State ex rel. Fairex v. Judge, 33 La. Ann. 928; State ex rel. Railroad Co. v. Judge, 27 La. Ann. 697; Demarest v. Beirne, 36 La. Ann. 751. And we add that, having refused to grant the appeal, the court's action cannot be reviewed on a suspensive appeal, in presence of the fact that plaintiff insists upon executing the judgment.

To conclude: If the order of appeal is in form and the bond sufficient, the appellate court, not the court a qua, has jurisdiction. State ex rel. Gill v. Tissot, 34 La. Ann. 90.

If an error has been committed by the court a qua in authorizing the execution to issue, the remedy "ought to be by a writ of prohibition." Stanton v. Parker, 2 Rob. 550.

Code Prac. art. 575, does not admit of the two suspensive appeals—one before, and the other after, the 10 days.

For reasons stated, and the law and the evidence being in favor of the relatrix, it is ordered, adjudged, and decreed that the writ sued for be made peremptory. It is further adjudged and decreed that the order for a suspensive appeal is vacated, execution to issue, and the honorable judge of the district court is directed to order a writ of fieri facias to issue in favor of relatrix against the said Miss M. L. Egan on judgment signed on the 26th day of July, 1908, as prayed for by the relatrix. The defendant is to pay the costs of these proceedings.

## On Application for Rehearing.

MONROE, J. In general, the right of the party cast to suspend, by appeal, the execution of the judgment rendered against him, depends upon his applying for the appeal within 10 days, not including Sundays, and giving bond, with surety, in an amount exceeding by one-half that for which the judgment has been rendered, all as required by law. Where the judgment decrees the delivery of movable property, other than money, the amount of the bond is determined by the judge with reference to the value of

the property; and where immovable property is ordered to be delivered the "estimative" revenue and possible injury or deterioration, pending the appeal, is also considered. Code Prac. arts. 575, 576, 577. In some cases (e. g., where the judgment rejects a claim against a fund already in court, or dissolves an injunction, for the issuance of which a bond had been given) a suspensive appeal may be granted on a bond for costs, the amount of which is to be fixed by the judge. Code Prac. art. 578; Succession of Edwards, 34 La. Ann. 216; State ex rel. Carlon v. Judge, 28 La. Ann. 877. Upon the other hand, there are cases, specially excepted from the general rule, in which the judgments are to be provisionally executed notwithstanding any appeals that may be taken—such as those by which tutors, curators, administrators, etc., are appointed or removed, or by which interdictions are pronounced. Code Prac. art. 1059; Civ. Code 1838, art. 395.

In any case in which an appeal may be applied for, the order of appeal becomes effective only if, and when, the conditions precedent and subsequent, upon which it may legally be granted, exist or are complied with; and it is for the judge to whom the application is made to determine, before granting, or later, when his ruling is invoked, whether his order can, or has, become effective, and whether, if effective, it operates to suspend the execution of the judgment appealed from, or only devolutively. If he refuses, in the first instance, to allow a suspensive appeal from a judgment, the execution of which cannot, under the law, be suspended in that way, or because the delay within which such appeal may be taken from the judgment rendered has expired, or if, having improvidently allowed a suspensive appeal, in either of the cases mentioned, he rescinds his order, or holds the appeal to b merely devolutive, an appeal from the ruling so made cannot operate to suspend the execution of the original judgment is sought to be appealed from, since it would be idle to say that the execution of a judgment which cannot be suspended by direct appeal can be suspended by appeal from a subsequent ruling declaring the law to that effect. In such cases no order allowing a suspensive appeal can take effect, because of the nonexistence of the conditions precedent, and hence the jurisdiction of the trial court to proceed with the enforcement of the judgment rendered by it cannot be devested by such order. And the rule is the same when the failure of the attempted appeal is attributable to the noncompliance by the appellant with the conditions subsequent which the law and the order of appeal impose on him. Those conditions are that he shall, within the delay prescribed by law, furnish the bond so prescribed. If the bond be not furnished within that delay, or if the bond as furnished be not that which the law requires, the conditions are not complied with, the order of appeal does not become effective, the jurisdiction of the trial court to proceed with the enforcement of its judgment is not devested, and the jurisdiction of the appellate court does not attach. The appellant may, however, as in this case, assert that he has complied with the required conditions; that the judgment of the trial court, decreeing that he has not done so and dismissing his appeal, is erroneous; and that he is, therefore, entitled to an appeal from such judgment, which will operate to suspend the execution of the judgment originally appealed from. The argument in support of this proposition seems to be that the judgment dismissing the appeal is a final judgment, or, if interlocutory, that it works, or may work irreparable injury, and that a suspensive appeal will lie from any judgment of that character. This argument, predicated upon one general rule relating to appeals, ignores other rules, general and special, establishing the conditions upon which all appeals are allowed, and upon which the ex-

ecution of judgments may be stayed by appeals, and would lead to the conclusion that the party cast, in any given case, may appeal from a judgment dismissing an appeal previously allowed conditionally, and not perfected, and by a succession of appeals from such judgments of dismissal obtain the same delay as though the original appeal had been perfected and sustained. More than this: The logical result would be that the execution of any judgment, whether in a case in which, under the law, the judgment is to be provisionally executed notwithstanding the appeal, in which the appeal was not applied for within the legal delay, in which no bond has been filed, or in which the bond was not filed in time, or was not such bond as the law requires, could be suspended by appeal, upon appellant's allegation of the existence, or of his compliance with the required conditions, or, in fact, upon his mere allegation of grievance, and upon a bond differently conditioned and given at a different time than as required by law. In the case now under consideration, for instance, it appears that the original judgment, including interest, amounted to $3,506.39, and was signed on June 26th (of this year), and it was necessary, in order to stay execution, that the appeal should be allowed and a bond, conditioned to secure the payment of the judgment appealed from (in the event of its affirmance), for one-half over and above the amount stated, filed within 10 days, not including Sundays, from the date of the judgment. The appellant applied for and obtained the order of appeal within the legal delay, and filed a bond, otherwise conditioned according to law (as we assume), but insufficient in amount and the appeal was dismissed on July 27th, whereupon appellant immediately took the present appeal and gave bond for an amount sufficient to have sustained the original appeal; but that was long after the expiration of the delay allowed for the giving of a bond to sustain the original appeal, and,

moreover, the bond so given must, if there was any attempt to comply with the law, have been conditioned to secure the judgment appealed from, rather than the original judgment, so that, as matters stand, there is now no bond purporting to secure the pavement of the original judgment, and certainly none that was filed within the delay allowed for the filing of a bond to stay its execution. Our understanding of the law applicable to the situation is that, to suspend the execution of a particular judgment by appeal, the appeal must be taken, according to law, from that judgment; that an appeal from a judgment dismissing an appeal previously taken is not an appeal from the judgment originally appealed from, and cannot suspend its execution; and that, whilst one may, if he so elect, appeal from a judgment dismissing an appeal, his proper remedy, when he desires a review by the appellate court of such judgment, and wishes in the meanwhile to preserve the status quo, is by way of the writ of prohibition. This view of the matter is sustained by the authorities cited in the opinion heretofore handed down by the Chief Justice.

Referring a little more particularly to the cases relied on by the appellant we find that in Perrilliat v. Fernandez, 16 La. Ann. 192, the appellee moved, in this court to dismiss the appeal on the ground that the bond was insufficient for a suspensive appeal. This court found that the amount of the bond had been fixed by the court below, and that it was, therefore, good for a devolutive, if not for a suspensive appeal, and, declining to express any opinion upon the latter question, said:

"It is not the practice of this court to decree a qualified dismissal of an appeal, such as this rule calls for. Such a decree would be tantamount to an order that execution issue notwithstanding, and pending, the appeal. It is well settled that an application for an order of that sort must be addressed to the court which has rendered the judgment, and not the appellate court. Stanton v. Parker, 2 Rob. 551.

Indeed, the rule states, and the record shows, that an application for execution, by rule to show cause, was made to the court below, after this appeal was taken, upon which application there was judgment. From that judgment there was no appeal taken, and we cannot review it, under the appeal previously granted. Bayon v. Mayor & Al., 9 La. 579."

It is evident that, in the case thus cited, the rule taken in the district court to dismiss an appeal which (necessarily) had already been allowed was itself dismissed. It is equally evident that the proceedings and judgment on the rule were not included in the appeal previously taken, and hence were not before the appellate court for review. That the plaintiff in the rule might have taken an appeal from the judgment dismissing it we see no reason to doubt, but such an appeal would have suspended nothing, and whether it would have been considered in this court before the appeal on the merits, and hence whether it would have done him any good, is another question. If, therefore, as a fact the bond of which he complained was insufficient to sustain a suspensive appeal, his effective remedy for the correction of the error of the trial judge in holding to the contrary would have been some such proceeding (assuming that it was then allowed) as the one to which the present relator has resorted. The Constitutions of 1812, 1845, and 1852 (the latter being then in force), however, contained no article corresponding to article 94 of the present Constitution, and this court, as then authorized, issued the remedial writs only in aid of its appellate jurisdiction. It was to remedy that defect in the fundamental law, and to afford just such relief as the relatrix now seeks, that this court was vested (by the present Constitution and that which preceded) with general supervisory jurisdiction.

In the case of Vredenburgh v. Behan et al., 32 La. Ann. 475, the district court rendered judgment against several defendants for a considerable sum. They appealed, and plaintiff ruled them to show cause why the appeal should not be dismissed, and why execution should not issue, on the ground that the sureties were not good. The district court gave judgments dismissing the rules, and plaintiffs in rules appealed. Defendants in rules (appellees) moved to dismiss the appeals on the grounds that the judgments were but interlocutory orders, which worked no irreparable injury, and that the district court is vested with sole authority to pass finally upon the sufficiency of sureties on appeal bonds. This court held that the appeal was well taken, and, as the case was decided in the month of March, it is quite likely that the remedy was as efficacious as any other would have been. There is, however, not the slightest intimation in the opinion that the appellant might not have resorted to a more speedy remedy.

In the case of State ex rel. Cieutat v. Judge, 32 La. Ann. 815, it appears that judgment was rendered against relator, by the district court (for the Fourth judicial district), and that an order of appeal was obtained therefrom more than 10 days after the adjournment of the court; that is to say, after the expiration of the legal delay. He was thereafter, apparently, threatened with the execution of the judgment, and he applied to this court for a writ of prohibition. In passing upon the application, Bermudez, C. J., as the organ of the court, said, in the first place, that it did not appear, on the face of the papers, that the case was appealable to this court, and, further, as follows:

"His petition does not set forth with sufficient fullness the circumstances in which he may be placed, and which, if expressed, might entitle him to protection. The court cannot supply the deficiency caused by unaverred facts. He does not aver that the district judge has rescinded the order made by him for a suspensive appeal and directed execution to issue, which may be the case either because the appeal was asked too late, or because the case is not appealable, or because the bond is not sufficient, or because the surety is not good and solvent, as the law requires. Had the judge

so acted, and the relator felt aggrieved, his remedy would have been a suspensive appeal from the rescinding order, and, in case of refusal on the part of the judge to grant the same, the relator could have asked us for a mandamus, coupled with a writ of prohibition, in a proper showing. State ex rel. Johnson v. Judge, 21 La. Ann. 114; State ex rel. Gausson v. Judge, 21 La. Ann. 44; Vredenburgh v. Behan et al., 32 La. Ann. 475. In the absence of any averment of the kind, we are left to infer that the execution alleged was issued by the clerk, at the instance of the judgment creditor. In such a case, the relator would be entitled to an injunction, on proper grounds, to arrest the process. His right would be to apply for it to the district judge; but he does not allege that he has taken any such steps before the lower court, and that any petition of the sort was declined, and that, in consequence, he will suffer injury from the execution of the writ charged with having been illegally issued. He asks us to exercise an original jurisdiction, which we have not, and which pertains exclusively to the lower court; that is, to arrest an execution said to have been illegally issued."

The case presented for decision, therefore, was that, notwithstanding that defendant had been allowed a suspensive appeal (which, for aught that appeared, had never been dismissed), the clerk of the district court, acting under the direction of the plaintiff, had issued execution on the judgment appealed from, and the point actually decided was that relator's remedy was, not by prohibition in this court, but by injunction in the district court. It was not decided (and it could not have been, since the opinion of the court states that the question was not presented) that a suspensive appeal will lie from a judgment dismissing a suspensive appeal. It is true that such a case is hypothetically stated, and that it is hypothetically disposed of, in the manner above referred to; but cases thus stated by way of illustration, and having no necessary bearing upon the case actually decided, do not make jurisprudence. They constitute merely part of the reasoning of the organ of the court, and, where they are irrelevant to or inconsistent with the reasons upon which the decision is based, are in no proper sense binding upon the court.

The case of State ex rel. Gill v. Tissot, Judge, 34 La. Ann. 90, is rather more to the point. In that case a judgment of ejection had been rendered against relator, and he had obtained an order for a suspensive appeal therefrom, and had given bond; but the appeal had been dismissed and execution ordered after the hearing of a rule in which it was found that the bond given was not such as the law required. Thereupon relator applied for a suspensive appeal from the judgment on the rule, and insisted that he was entitled to it on a bond for costs; but the judge, though willing to grant the appeal, was of opinion that a bond for a larger amount should be given, so the relator applied to this court for a writ of prohibition, to restrain the execution of the judgment, and for a mandamus, to compel the granting of the appeal, on a bond for costs. Both writs were denied; but it is said in the opinion (among other things):

"No one disputes the right of the relator to a suspensive appeal. The contention relates to the character of the bond. * * * Had the original judgment been one for a sum of money, a suspensive appeal from a decree on a rule for its execution could not have been granted, unless on a bond sufficient to arrest the enforcement of that judgment. Whether the party cast would not have been entitled to a different remedy it is unnecessary to say, for it may well be that he might be unwilling to apply for a suspensive appeal from the order of execution. Were it otherwise, a party cast by a money judgment could, after furnishing an insufficient bond, or worthless sureties, obtain a suspensive appeal from the order for execution on a mere bond for costs, and in that mode suspend the original judgment. * * * To suspend the decree for execution is to suspend the judgment on the merits. That which the law demands, in order to stay the first judgment, it likewise exacts to arrest the decree of execution. To sanction a different doctrine would be to permit the suspension of a money judgment, indirectly, on furnishing an insufficient bond for a trifling amount, which could not produce that effect on a direct appeal of that character."

The basis of the judgment, therefore, was that relator predicated his demand upon his offer, or his willingness, to furnish a bond for costs; it being held that such a bond was insufficient. For the reasons which have

been stated, however, we are of opinion that, the delay allowed by law for appealing suspensively from the original judgment having expired, no appeal bond that could have been given in any subsequent or collateral proceeding could properly have been held to have sustained an appeal which would have suspended the execution of that judgment. The right to execute a judgment is the only right of any value that the judgment confers, and the suggestion that after the right of appeal from a judgment has been lost the judgment debtor may further tie it up by appealing from an order for its execution is wholly inadmissible.

In so far, therefore, as the opinion in the case last cited holds that a suspensive appeal will lie from a judgment dismissing an appeal previously allowed, but not perfected, we are constrained to overrule it.

Rehearing refused.