DELIA COLEMAN, WIFE OF STEPHEN HAMILTON

vs. No. 7415.

BUREAU OF ENDOWMENT OF DISTRICT GRAND

LODGE NO. 21 G. U. O. OF O. F.,
APPELLANTS.

December 9th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

On May 10th. 1918, plaintiff obtained judgment against the defendant for "Four Hundred Dollars with legal interest thereon from November 1st. 1915 until paid and all costs".

From this judgment defendant obtained an order for a suspensive appeal upon furnishing bond "according to law".

The defendant furnished bond in the sum of Six Hundred and fifty dollars.

In this Court, the plaintiff and appellee moves to dismiss the appeal on the following ground:

"That the appeal herein taken should be dismissed because the appeal bond required by law has not been furnished herein. The judgment and interest thereon amounted, at time of motion of appeal to the sum of $450.56 ( i. e. $400.00 judgment and 2 yrs. 6 mos. and 10 days interest thereon at 5% ). Therefore the appeal bond should have been furnished for one and one half times said amount, or $675.84. That the appeal bond that was furnished and filed herein in the court below, as shown by the transcript, was for only $650.00, an insufficient amount".

Article 575 of the Code of Practice requires a bond "for a sum exceeding by one half the amount for which the judgment was given, if the same be for a specific sum".

In applying this article the Supreme Court in 1832 said, in Ross vs Pargout, that the bond must be for a sum exceeding by one half the amount of the judgment in capital and "the interest due at the rendition of the judgment".

131

"There cannot be any doubt that interest given by a judgment is part of the judgment,- and ought to be secured on an appeal as well as the principal sum". 2 La. 85.

This opinion has been followed ever since. 9 A., 310; 15 A., 333; 22 A., 626; 29 A., 776; 42 A., 290; 51 A., 1058; 112 La., 564; 122 La., 49; 138 La., 1082. In Reynolds vs. Egan 122 La., 49 the court said: "That is firmly fixed in our jurisprudence".

Our own calculations, and the admissions of appellant, establish that the amount of the judgment in capital and interest, on the day on which it was rendered, was for

| | |
|---|---|
| the sum of | $ 450.56 |
| one half of which is | 225.28 |
| The bond should have been for | $ 675.84 |
| But it was for only | 650.00 |
| It was therefore short | $ 25.84 |

Nor was the bond good for a devolutive appeal, because the order of appeal fixed no amount for the bond. A bond to be valid must be for the amount required by law or for that fixed by the order of the Judge. 1 H. D., p 51 No. 6; 2 La., 86; 15 A., 333; 19 A., 507; 22 A., 626; 25 A., 424; 51 A., 1059; 112 La., 564 (567); 116 La., 962.

It follows therefore that if the law had not been changed since those decisions have been rendered that appellant's appeal must have been dismissed.

It is also settled that the motion to dismiss an appeal on the ground that the bond is not sufficient in amount as required by law may be made either in the trial court or in the Appellate Court. 22 A., 35; 45 A., 1427; 51 A., 1059; 122 La., 49, 53.

But since the above decisions were rendered Act 112 of 1916 p. 241 was passed. It is entitled: An Act, To regulate the form and effect of bonds furnished in judicial proceedings and to provide for the correction of errors, inaccuracies and omissions in such bonds, etc".

Section 2 of said act provides: "That whenever any litigant in this State shall have furnished in connection with any judicial proceeding a bond and surety, and the said bond is insufficient in amount or incorrect by reason of errors or omissions therein, such litigant shall have the right to correct such insufficiency, error, or omission in the Court of original jurisdiction, and to furnish new or additional bond and surety conditioned according to law etc.".

Section 3 reads as follows: "That the right to furnish such new or such supplemental or additional bond shall be exercised as follows: x x x if the adverse party, or any other party in interest, shall cause to be served upon him, through the proper officer for service, a notice that such adverse party, or the party in interest, claims that a bond furnished in the proceeding to which he is a party or in which he has an interest, is insufficient either as to form or substance or of the solvency, or because of the pecuniary insufficiency of the surety or sureties thereon, the said party who has furnished such bond shall have the right within two days, exclusive of Sundays, legal holidays and half holidays, to furnish the new bond, or supplemental bond, or additional bond above referred to etc.".

Section 8 provides: "That the foregoing provisions shall apply to bonds in cases of appeal, etc.".

Section 9: "That no appeal shall be dismissed, nor shall any writ, or other process be set aside on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond or for the insufficiency of any surety or sureties, on said bond until the party furnishing such bond shall have failed to correct the error, inaccuracy, or omission, or to have furnished, supplemental or additional bond, or surety or sureties as hereinabove provided".

Section 10: "That no suspensive appeal shall be allowed from any judgment, or order of Court, allowing the filing of any new, supplemental, or additional surety or sureties to a bond, already furnished".

133

It follows from the provisions of that act that "no appeal shall be dismissed x x on account of any error in the amount of the bond" and that any "litigant shall have the right to correct such insufficiency in amount in the court of original jurisdiction", "if the adverse party shall cause to be served upon him "through the proper officer for service" a notice that such adverse party claims that the bond furnished in the proceeding is insufficient". *And no appeal shall lie from an order allowing the filing of the bond.*

It has been held in White vs Maison Blanche, 142 La., 265 that an appeal will not be dismissed on the ground that the appeal bond is not sworn to as required by Sec. 4 of Act 112 of 1916, when it is not alleged that the "appellant was given any notice by appellee of the insufficiency of the bond". We are of opinion that the notice mentioned in the act means a legal notice in the form of a judicial document, and that it must emanate from the Court of original jurisdiction, and must be served by a serving officer of that Court. The trial Court is divested of jurisdiction over a case, and the appellate court is invested of jurisdiction over it, only after the appellant has filed the bond required by law. Therefore the jurisprudence has been that it is the province of the trial court to inquire whether such a bond had been furnished. 7 C. C. App. 490.

In Dumas vs Mary 29 A., 808 the Court said: "The solvency and sufficiency of the surety on an appeal bond is peculiarly within the province of the Court of original jurisdiction". 122 La., 55; 27 A., 684.

In State ex rel. Gill vs Tissot 34 A., 90 the Court said "The jurisprudence appears to be now firmly settled that it is only after a suspensive appeal has been obtained and perfected that the lower court ceases to have further jurisdiction over the case".

Authorities :

See also 142 La., 460; 32 A., 1170.

Any other construction would lead to confusion and

*The fact that no appeal lies from an order allowing the filing of the bond is an indication that the additional bond must come from the court of original jurisdiction.*

uncertainty, and involve the appellate court into the examination of facts properly cognizable by the trial court.

Appellee charges however that Act 112 of 1916 is violative of Articles 31 and 32 of the Constitution and therefore unconstitutional in that the object of the law is not expressed in its title, and the law as amended is not published at length.

The title of the Act is "To regulate the form and effect of bonds furnished in judicial proceedings, and to provide for the correction of errors, inaccuracies and omissions in such bonds, and for the supplemental of such bonds, and to provide for the addition or substitution of sureties on the original bonds and supplemental bonds, and to provide the procedure in each of such cases".

It seems to us that the whole object of the law is fully set forth in the title. The act provides that no litigant shall take advantage of any defect of any kind in any bond furnished in a judicial proceeding before giving notice of the defect to the party furnishing the bond and giving him an opportunity to correct the defect, and provides for the procedures to be followed in each case, 142 La., 265 - and that object is fully set forth in the title.

In State vs Hincy, 130 La., 620 it was said: "It is not necessary that the title of an act should be a complete index to every section of the act; and it is only necessary that it shall, in general terms, direct attention to the purposes of the law and point to one object; and if it has done this, there is no good ground for declaring the act unconstitutional". 48 A., 1094; 119 La., 290; 106 La., 345; 28 A., 199; 140 La., 511; 4 La. Digest p. 604, 609.

Act 112 of 1916 has not for its object to revise or amend any particular law by reference to its title. It is an entirely new act modifying and repealing former laws and jurisprudence on the same subject. 9 A., 350; 11 A., 145; 14 A., 486.

The motion to dismiss is therefore denied.

December 9th, 1918.