· BORIE, ET AL., v. KING, Appellant

---

(January 4, 1926.  Opinion and Decree.)
(February 1, 1926.  Rehearing Refused.)

(March 29, 1926.  Writ of Certiorari and Review Denied by the Supreme Court.)

---

*(Syllabus by the Court.)*

On MOTION TO DISMISS.

1.  **Louisiana Digest — Appeal — Par. 119.
    Prohibition—Par. 17.**

No appeal will lie from a judgment dismissing a suspensive appeal upon the ground that the surety is not such as the law requires.  The proper remedy is by prohibition.

Appeals from the Civil District Court, Division "A", Hon. Hugh C. Cage, Judge.

Action by Bernard S. Borie, et al., against Fred C. King.

Judgment for plaintiff.

Defendant's appeal dismissed.

Prowell and McBride, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.

ON MOTION TO DISMISS.

Plaintiffs obtained a judgment as prayed for against defendant in the Civil District Court. Defendant was granted a suspensive appeal. Plaintiff, by rule, questioned the solvency of the surety on the appeal bond and the court rendered judgment, making the rule absolute, and dismissed the appeal. From this judgment dismissing the appeal a suspensive appeal was granted to this Court. Plaintiffs move to dismiss upon the ground that no appeal can be taken from a judgment dismissing an appeal, the proper remedy being by writ of prohibition.

The appeal must be dismissed.

"The proper remedy for correcting the illegal rulings of the District Judge in dismissing the appeal or declaring it devolutive only, after a suspensive appeal has been granted or a bond has been filed, is by writ of prohibition." State vs. Judge, 21 La. Ann. 113.

"The Supreme Court will examine into the sufficiency of the surety on appeal bond on application for a writ of prohibi-

tion, and if the surety is found to be good, the prohibition will issue, restraining the Judge from executing the judgment until the appeal is decided." State vs. Judge, 21 La. Ann. 735.

"The judgment of the court below setting aside a suspensive appeal on the ground that the surety on the bond is not good and solvent will be reviewed by the Supreme Court on an application for a writ of prohibition." State vs. Judge, 23 La. Ann. 279.

See also 36 La. Ann. 711; State ex rel. Menge vs. Rightor.

In Reynolds vs. Egan, 122 La. 55, 47 South. 371, on rehearing, the Court said:

"The argument in support of this proposition seems to be that the judgment dismissing the appeal is a final judgment, or, if interlocutory, that it works, or may work, irreparable injury, and that a suspensive appeal will lie from any judgment of that character. This argument, predicated upon one general rule relating to appeals, ignores other rules, general and special, establishing the conditions upon which all appeals are allowed, and upon which the execution of judgments may be stayed by appeals, and would lead to the conclusion that the party cast, in any given case, may appeal from a judgment dismissing an appeal previously allowed conditionally, and not perfected, and by a succession of appeals from such judgments of dismissal obtain the same delay as though the original appeal had been perfected and sustained. More than this: The logical result would be that the execution of any judgment, whether in a case in which, under the law, the judgment is to be provisionally executed, notwithstanding the appeal, in which the appeal was not applied for within the legal delay, in which no bond has been filed, or in which the bond was not filed in time, or was not such bond as the law requires, could be suspended by appeal upon appellant's allegation of the existence, or of his compliance with the required conditions, or, in fact, upon his mere allegation of grievance, and upon a bond differently conditioned and given at a different time than as required by law."

For the reasons assigned, the appeal herein taken is dismissed at the cost of appellant.