MERCANTILE ADJUSTMENT AGENCY v. FABACHER, ET AL.

---

(July 7, 1928.    Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana    Digest—Appeal—Par.    119;
    Prohibition—Par. 8, 17.
No appeal will lie from a judgment dismissing an appeal upon the ground that the surety is not such as the law requires.    The proper remedy is by prohibition.

Appeal from First City Court.    Hon. Val J. Stentz, Judge.

Action by Mercantile Adjustment Agency against Edward Fabacher, et al.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

J. A. Casey, of New Orleans, attorney for plaintiff, appellee.

Brian and Brian, of New Orleans, attorneys for defendants, appellants.

ON MOTION TO DISMISS APPEAL.

CLAIBORNE, J.    Judgment having been rendered on February 23, 1928, against the defendant, Edward B. Fabacher, he has appealed.

The plaintiff and appellee then took a rule in the trial court upon the appellant Fabacher to dismiss his appeal upon the ground that the surety on the appeal bond did not possess the qualifications required by law.

On April 10th the rule was made absolute and defendant's appeal was dismissed.

On April 20, 1928, the defendant-appellant obtained a suspensive appeal from said judgment dismissing his appeal.

In this Court, on May 2, 1928, the plaintiff-appellee filed a motion to dismiss the appeal upon the ground "that where an appeal has been dismissed for want of a solvent surety on the appeal bond, the proper remedy is not by suspensive appeal from the judgment dismissing the appeal, but the proper remedy is by a writ of prohibition."

The motion is correctly made and must prevail.

In the case of Borie vs. King, 3 La. App. 658, this Court held:

"No appeal will lie from a judgment dismissing a suspensive appeal upon the ground that the surety is not such as the law requires. The proper remedy is by prohibition." State of La., et al. vs. Judge of the Fifth Dist. Court, 21 La. Ann. 113; Sampson vs. Gillis, et al., 22 La. Ann. 591; State, et al. vs. Rightor, 36 La. Ann. 200; Reynolds vs. Egan, 122 La. 47, 47 So. 371.