JOHN CONBOY *vs.* STEPHEN A. HOWE.

New Haven & Fairfield Cos., April T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

In a suit against a father for clothing furnished to his minor son, it is not enough that the articles were of the nature of necessaries, but it must be shown that the father had failed to furnish the son necessary clothing.

And until this is shown evidence would not be admissible as to the pecuniary condition of the father, with reference to determining what clothing would be suitable for the minor.

A father has a right to exercise his own discretion as to the kind and quality of the clothing to be furnished his son.

Where the father permitted the son to return home with some of the purchased articles in his possession, but had never in fact taken possession of or done anything with them, it was held to be merely evidence of a ratification by him of the purchase of these articles, but not decisive, and of no effect against an express finding that there had been no ratification.

A new trial will not be granted for an error in excluding evidence, where the evidence would avail the party nothing on a new trial.

[Argued April 17th—decided June 12th, 1890.]

ACTION to recover for clothing sold to the minor son of the defendant; brought to the City Court of the city of New Haven and tried to the court before *Pickett, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

*J. P. Pigott* and *W. S. Pardee,* for the appellant, cited— 1 Rev. Swift's Dig., 40; *Shelton* v. *Hoadley,* 15 Conn., 535; *Strong* v. *Foote,* 42 id., 203; *Mamby* v. *Scott,* Sid., 109; 3 Smith's Lead. Cases, (9th Am. ed.,) 1732, 1740.

*J. Sheldon,* for the appellee.

TORRANCE, J. This is an action to recover the amount claimed to be due for clothing sold and delivered by the plaintiff to a minor son of the defendant.

The reasons of appeal are three in number, but as the first and second reasons relate to the exclusion of substantially the same evidence under substantially like circumstances, they will be considered together.

Upon evidence which does not appear to have been objected to, the court below found that, at the time of the sale and delivery to the minor, he was living at home with the defendant, and was then well provided with clothing; that the sale was made without the knowledge or consent of the defendant, and was never ratified by him in any way; that the amount of the sale was one hundred and sixty-seven dollars; and that the clothing so sold was not necessary for the protection, health or comfort of the minor.

On the trial in the court below the plaintiff, for the purpose of proving that the clothing so furnished by him to the minor was suitable and proper clothing for one in his circumstances and position in life, offered evidence as to the value of the defendant's property at that time, and of the amount of his income for the then past year. To this evidence the defendant objected and the court excluded the same.

When this evidence was excluded the plaintiff, so far as

the record shows, had not offered any testimony whatever tending to show that the minor, at or near the time of the sale, was in want of clothing of any kind, or that the defendant had failed at any time to furnish such clothing ; nor does it anywhere appear that the plaintiff proposed to offer, or was able to offer, any such testimony, though when the rejected evidence was finally excluded, there was evidence apparently uncontradicted before the court showing that at the time of the sale the minor was well provided with suitable clothing by the defendant.

The minor was, at the time of the sale, living at home with his father, and the law gave to the father a right to exercise his own discretion in determining the kind and quality of the clothing to be furnished to his son. *Finch* v. *Finch*, 22 Conn., 415. With such a right a stranger interferes in a manner at his peril. *Johnson* v. *Lines*, 6 Watts & Serg., (Pa.,) 80.

" Of the propriety and sufficiency of the clothing, etc., the parents must judge ; and if a stranger under such circumstances supplies the child even with necessaries, he certainly cannot hold the parent upon the contract without proving a clear and unquestionable abandonment and neglect of that duty." 1 Parsons on Cont., 386.

In the case at bar the real defense made was that the father, in the exercise of his right and in performance of his duty, had provided the minor at the time of the sale with an ample supply of suitable clothing, and the plaintiff did not even offer to controvert that defense. It is true the second defense formally denies that the goods furnished to the minor by the plaintiff were necessaries, but this was not made a real issue in fact in the case. The real, actual question in the case, as it appears to have been tried, was not the abstract question whether the articles supplied were necessaries, but the practical question whether, under the circumstances of the case, they were necessary for the minor, and they could not be if he already had plenty of them. *Johnstone* v. *Marks*, 19 Q. B. Div., 509.

Unless then the plaintiff was prepared to controvert this

defense, it would have been a mere waste of time to prove that the goods furnished by him were suitable to the circumstances and position in life of the minor. As the plaintiff does not seem to have been prepared to controvert that defense, or at least offered no suggestion that he was so prepared, we think the evidence offered was, as held by the court below, premature and irrelevant, except in anticipation of a defense which, though formally made by the pleadings, was, so far as appears, not in fact made or claimed at the time of the ruling or at any time during the trial.

Had the plaintiff shown, or suggested that he would attempt to show, that the defendant had not supplied the minor with clothing suitable in kind or amount, or if this had been admitted or not denied, and the defense had been based in fact on the question whether the goods furnished to the minor by the plaintiff were necessaries in the sense of being suitable to his condition in life, then testimony would have been admissible to prove the circumstances and condition in life of the defendant. But as the case stood when the rulings complained of were made, we think the admission of such testimony was discretionary with the court, and that the discretion in the present case was soundly exercised.

If however we are wrong in this and the testimony offered was, under the facts disclosed upon the record, strictly and technically admissible at the time it was offered, still the court will not grant a new trial for the erroneous ruling if such ruling did the plaintiff no harm or if the rejected evidence would avail him nothing on a new trial.

For the reasons already given, based upon the facts as they appear of record, we think it clear that the rejection of the evidence did the plaintiff no harm on the trial below, and would avail him nothing on a new trial. *Kelsey* v. *Hanmer*, 18 Conn., 311; *Burns* v. *Fredericks*, 37 Conn., 87; *State* v. *Duffy*, 57 Conn., 526.

The court also found that, immediately after the delivery of the goods to the minor, "he went out of town and was absent about six weeks; and when he returned home he had

in his possession only the over-coat, sack-coat and vest of the clothing so furnished him by the plaintiff, which over-coat was proffered to the plaintiff, who declined to receive the same." It does not appear that the sack-coat and vest were ever tendered back to the plaintiff. The court below did not render judgment for the value of the sack-coat and vest, and of this the plaintiff complains in his third and last reason of appeal.

It does not clearly appear that this point was distinctly made and decided in the trial below, but we will waive that, and consider it as if it had been so made and decided. On the plaintiff's brief it is claimed that judgment should have been rendered in his favor for the value of the sack-coat and vest, on the ground that the defendant, by permitting his son to return home with these articles of clothing in his possession and permitting him to live there, has in law taken possession of these articles himself and thereby to that extent ratified the purchase made by the son.

The court below does not find that the father has in fact taken possession of or kept the coat or vest, or has ever seen them, or done anything with them, except permit his son to return home when he had these thimgs in his possession. At most this would be evidence of ratification, and the court has expressly found that the defendant has not ratified the purchase. Upon the facts as they appear of record this finding is conclusive on the question of ratification.

There is no error, and a new trial is not granted.

In this opinion the other judges concurred.