No. 13,617.

LOUIS GRUNEWALD COMPANY, LIMITED, vs. C. J. THOMPSON.

### SYLLABUS.

The rights of a wife in community cannot be advanced to the prejudice of the claims of community creditors. Movables sold to the community on a credit pass to the wife, under a *dation en paiement* from the husband, subject to the privilege of the vendor.

Certified from the Court of Appeal, Third Circuit, by the Judges thereof, applying for instructions.

---

The opinion of the court was delivered by

NICHOLLS, C. J. The Court of Appeals for the Third Circuit, stating that the above case is before it on rehearing, "submits to us the following propositions, asking for instructions before deciding it":

1st. Can the wife be considered a third party without notice in a *dation en paiement* in reference to her husband's creditors?

2nd. Is there a presumption of law precluding her from showing that she had no actual knowledge that a privilege existed on property acquired by her from her husband by *dation en paiement*, made during the existence of the community?

3rd. Is the question of good or bad faith an element to be considered in such a controversy?

Accompanying the questions is the following statement of the pleadings and facts of the case:

## PLEADINGS.

Plaintiff sues defendant for the sum of one hundred and sixty dollars, balance of the purchase price of a piano, and prays for the recognition of his vendor's privilege thereon. A writ of sequestration issued in the suit, and the piano was seized thereunder.

Lelia Lott, wife of the defendant, Thompson, filed an intervention in the suit, in which she claims the ownership of the piano by virtue of a *dation en paiement* made to her by her husband.

## FACTS.

Plaintiff, Grunewald, sold the piano to the defendant, Thompson, on the 15th of July, 1896, and Thompson on the 30th of January, 1899, about two years and six months after he had acquired the piano, transferred it to his wife by *dation en paiement*.

The piano was sold to Thompson on credit. The wife testified that she knew her husband had bought the piano on credit, but said that she did not know when she acquired it, that a balance of the purchase price was still due on it.

The *dation en paiement* was passed by notarial act and duly recorded more than seven months before this suit was instituted, and the piano sequestered. The validity of the *dation en paiement* is not questioned.

The district court rendered judgment in favor of the intervenor, Mrs. Thompson. This judgment was affirmed, at first, by the Court of Appeals, but a rehearing was granted.

## OPINION.

The privilege involved in this case is the vendor's privilege. By Article 3227 of the Civil Code, the unpaid vendor has a preference on the price of his property over the other creditors of the purchaser, "if the property still remains in the possession of the purchaser." Under the statement of facts submitted, the piano sold by the plaintiff company was purchased by C. J. Thompson, during the existence of the community of acquets and gains between himself and the intervenor, and it was, also, during the existence of the community transferred by the husband to the wife by way of *"dation en paiement."*

We are of the opinion that under that condition of things, it went into the wife's ownership affected with the vendor's privilege, and that

her right of ownership is subordinated to the right of the community vendor.

We have, on a number of occasions, held that the rights of a wife in community cannot be advanced to the prejudice of the claims of the community creditors—this independently of any question of a technical privilege. See the Succession of Dejean, 5 Ann. 593, and the decisions of this court affirming the principles therein announced.

It was precisely for this reason that Mr. Justice Breaux and the writer declared, in Hewitt vs. Williams, 47 Ann. 742, in reference to the asserted rights of Mrs. Williams, that "the circumstances connected with the *dation* set up, are not such as to call for a decision on the question of privilege as affected by the sale of the property."

WATKINS, J., dissenting, handed down a separate opinion.