———o———

No. 6225.

## J. P. HUDSON & SONS vs. UNCLE SAM PLANTING & MANUFACTURING COMPANY, AND THE RECEIVER THEREOF.

### Syllabus.

### On Motion to Dismiss Appeal.

Where a suit is filed against a corporation in the hands of a receiver and a money judgment is given plaintiff with recognition of privilege on property in the hands of the receiver, ordering him to sell said property in the manner provided by law, and to apply the proceeds to the payment of plain-

tiff's claim, and to place plaintiff on his account in due course of administration for any balance remaining unpaid, such judgment cannot be executed by a *fieri facias* and the receiver may appeal suspensively therefrom on a bond for costs.

Appeal from the 27th Judicial District 'Court, Parish of St. James, No. 2890. Honorable Charles T. Wortham, Judge.

C. D. Beattie, for plaintiff and appellee.

Guion, Lambremont & Hebert, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

On July 15th, 1914, plaintiff obtained a judgment in its "favor against the Uncle Sam Planting and Manufacturing Company for the sum of $749.23, with interest thereon at eight per cent per annum from June 1, 1913, until paid and ten per cent of the aggregate amount of principal and interest as attorney's fees and all costs of the proceedings; that plaintiff be and it is hereby recognized to have vendor's privilege upon the four mules, C. R. V. and B., now in possession of F. Reynaud, Receiver of said corporation, to secure the payment of said $749.23 and said interest thereon; that said Receiver proceed to advertise and sell the said four mules and apply the proceeds thereof to the payment of the costs herein and the said amount of $749.23 with the interest thereon, said advertisement and sale to be made in the manner required by law; that said Receiver place any balance remaining unpaid, if any, of said sum of $749.23, interest and costs, with said sum of ten per cent attorney's fees upon his account for payment in due course of administration."

From this judgment the defendant obtained an order for a suspensive and devolutive appeal on a bond of $250. Appellee moves to dismiss this appeal, in so far as it may be suspensive, on the ground that the amount of the bond is not sufficient to operate a suspensive appeal.

The Code of Practice, Article 575, requires a bond for a sum exceeding by one-half the amount for which the judgment was given, to act as a suspensive appeal.

But the Supreme Court has held that this article does not apply, and that a bond for costs was sufficient, when the defendant was a succession, or when the judgment was one which could not be executed by a seizure and sale, executory process or **fieri facias.**

> 7 N. S., 352; 16 La., 520; 10 A., 345; 20 A., 108; 21 A., 43, 741; 22 A., 178; 29 A., 289; 30 A., 282; 27 A., 885; 34 A., 539, 219; 36 A., 191; 39 A., 1042; 38 A., 472; 44 A., 564; 46 A., 490; 109 La., 93.

In the case of the **State ex rel. Board vs. Judge, 21 A., 741,** the Supreme Court said:

> "The money judgment referred to in Article 575 of the Code of Practice means a judgment that can be executed under a writ of **fieri facias.**"

The judgment in this case is not one which can be executed by a **fi. fa.** It is true that it is a money judgment, but it provides, in terms, for the manner of its execution. It directs that the Receiver shall proceed to advertise and sell the mules and shall apply the proceeds to the payment of plaintiff's claim, and shall place any balance remaining unpaid upon his account for payment in due course of administration.

The appellees rest their motion on two cases: **Interstate Bank vs. Powell, 125 La., 624, and Pratt Engineering Co. vs. Cecelia Co., 133 La., 1003.**

In the **Interstate Bank case** the question was whether an order for executory process could be appealed from suspensively on a bond for costs. The Supreme Court said that the settled jurisprudence had assimilated the order for executory process to a judgment for a specific sum of money, and that the appeal from both was governed by **C. P., 575,** and that it saw no good reason to overrule the decisions settling so important a question of practice, quoting **20 A., 179; 22 A., 35; 27 A., 707; 30 A., 1042.**

The **Pratt case** may be easily differentiated from the present one. In the **Pratt case** the plaintiff filed suit in a State Court claiming a vendor's privilege on certain machinery and caused it to be sequestered. Thereafter, a receiver was appointed to the defendant company by the United States District Court. The receiver intervened in the State Court and judgment was rendered against him for the full amount sued for, with recognition of privilege ordering that the property be sold by the sheriff to satisfy the judgment.

The receiver attempted to appeal suspensively from this judgment on a bond for costs. The Supreme Court said he could not, because the judgment was one for money which "must be executed by a writ of **fieri facias.** The judgment referred to in Article 575 of the Code of Practice means a judgment that can be executed under a writ of **fieri facias.** See **State ex rel. Board vs. Judge, 21 La., An., 741** * * *."

It said further:

"Cases of appeals in succession matters have no relevancy, since judgments for money against suc-

cessions are payable in due course of administration, or out of funds to be distributed. In other words cannot be executed by **fieri facias.''**

It must be borne in mind that in the **Pratt case** the suit was filed and sequestration isued in a State 'Court **prior** to the appointment of a receiver by the United States Court. The receiver could not transfer the case to the United States Court nor release the seizure. The money judgment that ensued ordered the machinery to be sold by the **sheriff.**

The judgment could be executed only by a **fieri facias.**

The machinery never went into the possession of the receiver, nor the proceeds, and they were not to be disbursed by him, unlike the present case, or the case of distribution by an administrator.

In other words, the differences between the two judgments is that in the **Pratt case** the judgment comes squarely under Article 575 of the Code of Practice, and in the present case the judgment comes clearly under exceptions to that article referred to in the case of **State ex rel. Board vs. Judge, 21 A., 741,** and other cases of a like character quoted above, where the judgment could not be executed by a **fieri facias.**

The motion to dismiss is denied.

Opinion and decree, October 26th, 1914.

### Syllabus.

### On The Merits.

1. A vendor's privilege continues to subsist notwithstanding a sale and transfer of the property by his vendee, where the

subsequent purchaser knew at the time of his acquisition that the price of the original sale had not been paid.

2. Attorney's fees stipulated to be recovered in the event of suit upon a note given for the purchase price of property are no part of the price and consequently are not secured by the vendor's privilege.

3. The unpaid vendor of mules used in the cultivation of a plantation is entitled to have them forthwith sold in order that his privilege might be satisfied from the proceeds. And this right is neither barred nor suspended by the fact that the plantation is in the possession of a receiver.

4. While in certain cases a creditor who has a privilege upon property in the possession of a receiver, is entitled to an order for the immediate sale of the property, still the proceeds of the sale should not be distributed except upon an account filed by the receiver and duly homologated after the receiver and the creditors of the estate have been afforded an opportunity to present their claims and assert their privileges against the fund.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sold on credit certain mules to Jacob, and the latter, while the purchase price was still unpaid, sold or transferred the mules and the plantation upon which they were being used to a corporation, the stock of which was owned by himself and his children, who likewise constituted the directors and officers of the corporation. The corporation is now in the hands of a receiver, and plaintiff claims that its privilege for the unpaid purchase price still subsists notwithstanding the sale and transfer of the mules by Jacob to the company.

We are satisfied that the trial Court was correct in upholding this contention. It is not pretended that there

was any fraud in this transaction, but at the same time it cannot be denied that the corporation, when it acquired the mules from Jacob, was fully aware that the purchase price had not been paid. This knowledge is not only necessarily deducible from the relationship of the parties, but is affirmatively established by the fact that the corporation expressly assumed payment of the note given by Jacob to plaintiff, which on its face recited that it represented the purchase price of the mules.—**State vs. F. B. Williams Co., 131 La., 69.**

While the Code provides that the vendor's privilege is extinguished by a sale and delivery of the object to a third person, **R. C. C., 3227,** still we are of opinion that this principle is without application, where, as in the present instance, the third person knows, at the moment of his acquisition, that the object is still subject to the claim of the vendor for the unpaid purchase price thereof.

No direct adjudication of the Supreme Court to that effect has been cited to us and we are aware of none, but the decided trend of opinion upon the subject is in the direction of the doctrine which we announce, and which appears to be firmly established in the jurisprudence of France where the provisions of the Code Napoleon upon which it is founded are identical with our Code.

Grunewald Co. vs. Thompson, 104 La., 61.

Frellson vs. Lumber Company, 110 La., 877.

Weil vs. Lapeyre, 38 An., 303.

Baudry-Lacantinerie, Privileges et Hypotheques, Vol. 1, pp. 459, et seq.

See also, Tyler vs. Marcellin, 8 A., 312.

Powers vs. Hubbell, 12 A., 413.

The trial Court likewise properly held the vendor's privilege secured simply the price, the interest thereon and the taxable costs and not the fees of the attorney stipulated in the note as recoverable in the event of suit. These fees are no part of the price and consequently are not secured by the privilege.

Having a vendor's privilege upon the mules the judgment correctly ordained that they should forthwith be sold by the Receiver herein, notwithstanding the fact that the latter, who had been authorized to operate the plantation in the interest of the creditors in general, might be greatly hampered by this action. A vendor's right to demand under such circumstances an immediate sale of the property upon which his privilege rests, has been expressly recognized; and the rule is peculiarly applicable in a case like the present one where the property is of such character as to be subject to depreciation and destruction pending the proceedings.

Augusta Sugar Company case, 134 La., 971.

We think, however, that the Court erred in decreeing that the proceeds of the sale should forthwith be applied to the payment of plaintiff's debt and in presently denying to the receiver and all other creditors the opportunity to assert any rights they may respectively possess to share in the distribution of the fund. In a suit against the corporation and its receiver and in advance of the sale of the property, an attempt to rank and adjust the rights of the Receiver and other creditors with respect to the proceeds of the sale is premature. The distribution of these proceeds should not be ordered except upon an account filed by the receiver and duly homologated after the receiver and the creditors of the estate have been afforded an opportunity to present their claims and assert their

privileges against the fund contradictorily with plaintiff herein.

McRae vs. His Creditors, 14 A., 229.

See also, Robert vs. His Creditors, 2 A., 535.

Citizens Bank vs. Tureaud, 40 A., 650.

Spears vs. His Creditors, 40 A., 650.

State ex rel. Simmons & Kohn vs. Judge, 50 A., 624.

Barry vs. American Color Works, 107 La., 236.

Accordingly the judgment is annulled and reversed in so far as it orders the application of the proceeds of the sale to the payment of plaintiff's claim herein; and it is further decreed that upon the sale being had, the proceeds thereof be forthwith distributed upon an account filed by the receiver and duly homologated after the receiver and creditors of the estate have been afforded according to law an opportunity to present their claims and assert their privileges, if any, against the fund contradictorily with plaintiff. It is further decreed that in all other respects the judgment be affirmed, and that the plaintiff pay the costs of this appeal.

Judgment amended.

Opinion and decree, December 7, 1914.

Rehearing refused, January 5, 1915.

Writ granted, February 9, 1915.