(91 South. 440)

No. 24784.

## DUKE v. CRAWFORD, JENKINS & BOOTH, Limited.

(March 27, 1922. Rehearing Denied April 18, 1922.)

*(Syllabus by Editorial Staff.)*

Landlord and tenant ⬥⇒252(1)—One purchasing cotton subject to landlord's privilege not liable for rent.

One purchasing cotton subject to a landlord's privilege, and disposing of it in good faith, does not thereby become personally liable for the rent secured by the privilege.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by G. W. Duke against Crawford, Jenkins & Booth, Limited. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Barnette & Roberts, of Shreveport, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

PROVOSTY, C. J. The lessees of plaintiff's plantation obtained their supplies for making their crops of the years 1918, 1919, and 1920 from the defendant company, and shipped to the defendant company for sale the cotton made by them on the plantation in those years. The cotton of 1918 and 1919 sold for enough to pay the supply bill and the rent of the year, and 'defendant paid the rent; but that of 1920 fell short of even the supply bill, and defendant refused to pay the rent. Plaintiff claims that defendant company is liable for the rent because when receiving the cotton defendant company knew it was burdened with the lessor's privilege and right of pledge. Plaintiff alleges also collusion and fraud, and that when the cotton was shipped the understanding was that defendant should pay the rent. But no promise, either express or implied, to pay the rent is being relied on; and the petition itself, taken as a whole, shows that the cotton was received and disposed of by defendant company in good faith, and hence without collusion or fraud. An exception of no cause of action was sustained below, and the suit dismissed.

Plaintiff cites the cases of Carroll v. Bancker, 43 La. Ann. 1078, 1194, 10 South. 187; Fetter v. Field, 1 La. Ann. 80; Cory v. Eddins, 13 La. Ann. 443; Bres v. Cowan, 22 La. Ann. 438; Hewitt v. Williams, 47 La. Ann. 742, 17 South. 269; Flowers v. Skipwith, 45 La. Ann. 895, 13 South. 152; Grunewald v. Thompson, 104 La. 61, 28 South. 847; Loeb v. Collier, 131 La. 377, 59 South. 816; Bank v. Sullivan, 117 La. 163, 41 South. 480; Dennistoun v. Malard, 2 La. Ann. 14; Worrell v. Vickers, 30 La. Ann. 202; Hyman v. Bank, 139 La. 411, 71 South. 598. To these decisions might be added Loeb v. Collier, 131 La. 378, 59 South. 816, and Union Seed & Fertilizer Co. v. J. Supple's Sons Planting Co., 139 La. 692, 71 South. 949.

Some of these cases are authority for the

proposition that a privilege even on movables follows the property into the hands of third persons, and others of them for the proposition that a third person, by conspiring with a debtor to deprive a creditor of his privilege, commits a tort actionable in damages, but none of them for the proposition that a third person renders himself personally liable for a debt secured by privilege when he in good faith receives and disposes of the object burdened with the privilege whereby the privilege is lost. Indeed the last of said cases is authority for the very opposite.

Judgment affirmed at the cost of plaintiff.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.